## BRONSON v. FORTY-SECOND ST., M. & ST. N. AV. RY. CO.

(Supreme Court, General Term, First Department.   January 13, 1893.)

1. EXCESSIVE DAMAGES—PERSONAL INJURIES.

   A verdict for $11,000 for personal injuries is excessive where the injury consists of a fracture of the fibula, the smaller of the long bones of the leg, just above the ankle, so that plaintiff was confined to the house about two months, and then was able to go out on crutches; it also appearing that, though she suffered much pain, her earning capacity was not seriously affected except for a time, and the injury was not, in any just sense, a permanent one, though the attending physician testified that the ankle would be weak for a long time, perhaps always.

2. SAME.

   If in such case plaintiff will stipulate to reduce the judgment to $5,000, it will be affirmed.

Appeal from circuit court, New York county.

Action by Lou M. Bronson against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company to recover damages for injuries sustained through the alleged negligence of defendant. From a judgment entered on a verdict for $11,000 in favor of plaintiff, and from an order denying its motion for a new trial, defendant appeals. Affirmed on condition that plaintiff stipulates within 10 days to reduce the judgment to $5,000, otherwise reversed.

Argued before O'BRIEN, FOLLETT, and BARRETT, JJ.

William C. Trull, for appellant.

Julius H. Seymour, (Edward C. James, of counsel,) for respondent.

BARRETT, J.   There was enough in this case to justify the submission to the jury of the question of defendant's negligence and of plaintiff's freedom from contributory negligence; and we see no reason to disturb the verdict, although, possibly, we might have come to a different conclusion if these questions had been submitted to us. We think, however, that the damages were clearly excessive. The jury awarded the plaintiff $11,000 for an injury which, though painful and distressing, has not deprived her of limb or member, nor destroyed her earning capacity. There was a fracture of the fibula, which is the smaller of the long bones of the leg, just above the ankle. A plaster bandage was put on, and remained on for about four weeks, when it was removed, and felt splints were applied. About a month later the plaintiff went out with crutches, and the attending physician has seen her but two or three times since. This medical gentleman testified that there was still a slight contraction of some of the cords of the ankle, and that, in his opinion, the ankle would be weak for a long time, perhaps always. The plaintiff testified that up to the time of the trial she suffered more or less, and that she is compelled to rest her weight on the ball of the foot, as severe pain results from resting her weight on her heel. Her earning capacity was diminished for some time after she was able to get about, but it is not now seriously affected. While the plaintiff's sufferings were undoubtedly acute for a considerable period of time, and while the injury was serious to a woman accustomed to

earn her living by outdoor employment, we think the jury went far beyond the principle of fair and reasonable compensation, and awarded what, under all the circumstances, amounted to punitive damages. The injury was not, in any just sense, a permanent one. There was no loss of limb, and no permanent loss of income. But there was much pain and suffering, and some pecuniary loss. For this the plaintiff was entitled to substantial damages, but not to a sum far in excess of what has ever been deemed compensatory. The judgment should therefore be reversed, and a new trial ordered, with costs to abide the event, unless the plaintiff stipulates within 10 days to reduce the judgment to $5,000, with costs, as already adjusted, reducing the extra allowance, however, to 5 per cent. on $5,000. In case the plaintiff so stipulates, the judgment, as thus reduced, is affirmed, without costs of this appeal to either party. All concur.